```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA                      04-CR-6062(T)

                Plaintiff,

        v.                                    DECISION
                                              and ORDER
TERRANCE JONES

                Defendant.
_____
```

## INTRODUCTION

Defendant Terrance Jones ("defendant") brings this motion pursuant to 18 U.S.C. § 3145(b) for review of Magistrate Judge Payson's Detention Order filed February 11, 2005. (Doc. No. 26). Plaintiff argues that he is entitled to present new information to the Court which reveals that he is not a flight risk. For the reasons set forth below, defendant's request for review of Magistrate Judge Payson's February 11, 2005 Detention Order is denied.

## BACKGROUND

Defendant was arrested on state drug charges on September 29, 2003, the basis of which give rise to the pending federal charges. On April 6, 2004, a federal Grand Jury returned an indictment charging defendant with violations of: 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(2) (possession a firearm in furtherance of a drug trafficking crime); 21 U.S.C. §§ 841 (a)(1) and 841(b)(1) (possession with intent to distribute at least five grams of a

substance containing cocaine base); 21 U.S.C. § 844(a) (possession of at least five grams of a substance containing cocaine base); and 21 U.S.C. § 846 (conspiracy to distribute narcotics).  Defendant was not arrested until February 5, 2005 - nearly one year after being indicted.  On February 10, 2005, Magistrate Judge Payson held a detention hearing, at which she determined that although the Government had not met its burden of proving by clear and convincing evidence that defendant posed a danger to the community which would warrant detention pending trial, it sustained its burden of proving by a preponderance of the evidence that defendant posed a serious flight risk.  She ordered that defendant be held in custody pending trial.

On April 26, 2005, Magistrate Judge Payson denied defendant's motion for reconsideration of the February 11, 2005 Detention Order.  Defendant now moves this court for review of the Detention Order.

## **DISCUSSION**

Pre-trial detention of a criminal is appropriate only in rare cases where there are extreme and unusual circumstances.  <u>United States v. Shakur</u>, 817 F.2d 189 (2d Cir. 1987).  As such, a district court is obligated to consider all possible alternatives to pre-trial detention prior to ordering that a defendant be detained. <u>Id.</u>  A court may detain a defendant prior to trial only where "no condition or combination of conditions will reasonably assure the

appearance of the person as required or the safety of any other person and the community." 18 U.S.C. § 3142(e).

When making a detention determination, 18 U.S.C. § 3142(g) directs the court to consider certain factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including-
>   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings and
>   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and
> (4) the nature and seriousness of danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Government, in seeking detention of a defendant, must demonstrate by a preponderance of the evidence that the defendant, if released, is a serious flight risk. 18 U.S.C. § 3142(f). However, where a judicial officer finds probable cause to believe that a defendant committed a narcotics offense for which the potential term of imprisonment is ten years or greater, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of the community. 18

U.S.C. § 3142(e); United States v. Rodriquez, 950 F.2d 85, 87 (2d Cir. 1991).  An indictment is sufficient probable cause to trigger the presumption.  Id.  Once the presumption arises, the defendant "must introduce some evidence contrary to the presumed fact in order to rebut the presumption." United States v. Martir, 782 F.2d 1141, 1144 (2d Cir.1986).  Once a defendant produces evidence to rebut the presumption, it does not disappear, but rather continues to be weighed along with the other factors the court considers when deciding whether to release a defendant.

Defendant now asserts that he is entitled to review of Magistrate Judge Payson's February 11, 2005 Detention Order because new evidence reveals that he is not a serious flight risk.  Specifically, he alleges that he was difficult to locate because he did not know about the charges against him because he was working two jobs.

Pursuant to 18 U.S.C. § 3145(b), a detention order may be reviewed any time before trial.  See 18 U.S.C. § 3145(b).  Such a review is made de novo.  United States v. Leon, 766 F.2d 77, 80 (2d Cir.1985).

Here, I find that despite the "new" evidence presented by defendant, he remains a serious flight risk.  First, defendant is charged with several serious drug offenses, and if convicted will face a long term of imprisonment.  Second, defendant eluded police for nearly a year in connection with the pending charges, residing

in as many as three different residences, none of which was his permanent address. Defendant's recent assertion that he was not aware of the charges against him belies the evidence presented by the government at the detention hearing, namely testimony by ATF Agent John Hayes who stated that information gathered in connection with the investigation of defendant revealed that defendant was aware of the charges against him. See Transcript of February 11, 2005 Detention Hearing, pp. 5-6 (Doc. No. 29). Lastly, defendant has a history of failing to follow direct orders of the court. He failed to appear in a previous unrelated state court criminal action, causing a bench warrant to be issued and he failed to pay a fine as directed by the court also causing a bench warrant to be issued. Therefore, I find that modification of Magistrate Judge Payson's February 11, 2005 Detention Order would be inappropriate, and defendant shall remain in custody until disposition of the charges against him.

## **CONCLUSION**

For the reasons set forth above, defendant's motion for review of Magistrate Judge Payson's February 11, 2005 Detention Order is denied.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         August 9, 2005